■ In the Matter of DORIS E. HENDRICKS, Respondent, v PHILIP OSBORNE, Appellant.—In a custody proceeding, the appeal is from an order of the Family Court, Queens County, dated November 18, 1976, which awarded custody to the petitioner. Order affirmed, without costs or disbursements. The petitioner is the sister of the deceased wife of the appellant. Two of the children are offspring of the marriage; the other is not. In 1974 the appellant's wife commenced an action in Ohio, where she and the appellant resided, for custody of the children of the marriage, support and alimony; custody was granted to her and the appellant was ordered to pay $45 weekly for support of the children. The appellant's wife died on August 13, 1975. The petitioner, who resides in New York, went to Ohio upon the death of her sister and brought a proceeding in Ohio for the custody of the three children; the appellant, at about the same time, moved in the action pending between himself and his then deceased wife for an order changing the custody of the children to himself. Counsel for the petitioner and counsel for the appellant agreed that in the meantime the maternal grandfather should retain custody of the children. Thereafter, the petitioner removed the children from Ohio to New York, according to her allegations, upon the advice of her Ohio counsel, and then brought this proceeding. In Ohio the petitioner's proceeding was dismissed for lack of jurisdiction, since she and the children were no longer within that State. The appellant's motion in the Ohio matrimonial action was granted. The appellant appeared in the petitioner's proceeding in New York and cross-petitioned for custody. Hearings were held in the Family Court and the petitioner was granted custody of the children. The Family Court found that the appellant had, in effect, abandoned the children, that he was unfit and that extraordinary circumstances were present, justifying an award of custody to the petitioner, citing *Matter of Bennett v Jeffreys* (40 NY2d 543). Under the circumstances of this case, we think that the disposition made by the Family Court was proper. We do not mean to approve of the action of the petitioner in removing the children from Ohio, even under the cover of the advice of counsel; the practice of hauling children from jurisdiction to jurisdiction in an effort to find a hospitable forum is inexcusable. However, the best interests of the children in this case clearly will be served by giving custody to the petitioner. In the first instance the Ohio court gave custody to the mother and custody was changed by that court without an adversary hearing, in which the appellant's fitness and attitude toward the children could be fairly explored. The facts before the Family Court support its conclusion that the appellant had abandoned the children and that the petitioner would be a preferable custodian. Full faith and credit in the constitutional sense does not compel recognition of the Ohio order, since the clause does not apply to custody decrees *(Obey v Degling,* 37 NY2d 768, 770). Though appropriate weight should be accorded to the findings of a court of a sister State, the lack of a full adversary hearing in Ohio and the factual record in the Family Court outweigh the decision of the Ohio court; the best

interests of the children must transcend whatever priority the Ohio decree might otherwise possess (cf. *Matter of Nehra v Uhlar,* 43 NY2d 242, 249-250). We note in passing that the provisions of the Uniform Child Custody Jurisdiction Act do not apply to this case (Domestic Relations Law, § 75-i [L 1977, ch 493, eff Sept. 1, 1978]). Hopkins, J. P., Martuscello, Damiani and Rabin, JJ., concur.